And now at this term the Solicitor-General, Davis, renewed and enforced the points suggested by him at the trial; after which the opinion of the Court was delivered, in substance, as follows, by
Parsons, C. J.
The jury having found a verdict for a total loss, the counsel for the defendants make two objections to it. The first is that, at the time of the abandonment, no evidence of the loss was exhibited. The capture took place on the 25th of April, 1806, and on the 1st of May following, one of the owners wrote the plaintiff an account of it, and stated that the intelligence was received by one of the pilots, who was on board the ship, and had been turned out by the captor. On the 5th of May, he again writes, directing the plaintiff, in consequence of the capture he had mentioned in his last, to abandon the ship and cargo, for him and his partner. On the 8th of May, Munson communicates these letters to the office, and makes the abandonment, according to the directions; and it appears from the report that the intelligence of the pilot was true, and that the ship and cargo arrived at Halifax, and were there libelled as prize, and were in custody of the Admiralty, when the abandonment was made.
In this case, it is our opinion that the evidence of the loss exhib ited was sufficient. It came from the pilot, who was present at the capture, and was correct. Nothing can be objected against it, but the want of the affidavit of the pilot, which it is not usual to send, and which he is not obliged by law to make. The master was a prisoner, and could make no protest, which is the usual evidence, when it can be obtained. No objection was made by the underwriters to the * sufficiency of the evidence, which [ * 91 J was afterwards fortified by a copy of a letter from the master at Halifax, containing a particular account of the capture, which was forwarded on the 21st of May to the underwriters.
The second objection is, that the loss was not payable, by the terms of the policy, until sixty days after notice of the loss, and that before that time the property was restored.
We do not think there was any weight in this objection.
The abandonment was made on the 8th of May, at which time the loss was total, and a right to recover for a total loss was vested in the assured ; and this right cannot be affected by the credit given to the assurers in the payment of the loss, whether that credit was long or short.

Judgment must be rendered according to the verdict.