Parsons, C. J.
If the plaintiff, when he made the offer to aban don, had a legal right to abandon, the verdict must stand, notwithstanding the subsequent recovery and arrival of the vessel. The right to abandon is a vested right, and when legally exercised, the assured is entitled to recover as for a total loss; which subse quent events cannot prevent, unless with his consent, manifested expressly or by reasonable implication from his subsequent conduct. (6)
The principal question therefore is, whether the plaintiff had a right to abandon, at the time he made the offer. When a ship becomes a wreck, by any of the perils insured against, it is generally a total loss, and the owner may abandon. And a ship becomes a wreck, when, in consequence of the injury she has received, she is rendered absolutely innavigable, or unable to pursue her voyage, without repairs exceeding the half of her value. (7) In this last ease, she is not worth repairing, by reason, not of age or natural decay, but by reason of the injury received from some peril. For although the materials, or most of them, may remain, yet such is the disabled state of the ship, which they composed, that she can no longer retain her character of a navigable vessel.
By comparing this definition of a wreck with the facts, it is op~ *396 parent that the plaintiff’s vessel could not be considered as having been wrecked. For although she was driven on rocks near the shore, and, oversetting, was filled with water, and sunk [ * 483 ] yet she was very soon after, in fact, weighed, *and, being navigable, was carried to her port of destination, and made fast to a wharf.
When a ship is stranded, the assured cannot, for that cause merely, immediately abandon. By some fortunate accident, by the exertions of the crew, or by extraneous assistance, the ship may be again floated, and rendered capable of pursuing her voyage. In such case, the insurers are only answerable for the expenses occa sioned by the stranding; and as liable for a partial loss, they must pay the assured his reasonable charges for getting the ship off, and for repairing the damages she may have received by the strand ing. (8) But, undoubtedly, when by the stranding the voyage is defeated, the owner may abandon. And the stranding of the ship may prove the destruction of the voyage, either by her afterwards becoming a wreck, before she shall be put afloat, or by circumstances accompanying the accident. A ship may be driven on some of our beaches, without sustaining essential injury, although she may be bilged ; but in good weather she may be easily got off, and repaired so as to prosecute her voyage; but if she be wrecked by a subsequent storm, while she remains stranded, the owner may abandon. Or a ship may be stranded on a part of the coast where no assistance can be procured to get her afloat, or where there may be no materials or workmen for repairing the iamage she may have sustained ; and in a case like this, the voyage is lost, and the assured may abandon. Or, if the ship be stranded in a place where assistance, materials, and workmen, may be easily procured, but it may be doubtful whether the attempt to get her off will succeed, while the expense is certain, — if the insurer, on having notice, will not engage to pay the expenses of the attempt, and also to repair the vessel, if the attempt should succeed, the assured may abandon. For in this case, as he cannot recover more than a total loss, he shall not be holden to labor for the recovery of the ship, which he must do at his own expense, if he should be unsuccessful.
Another case, in which the owner may abandon in [ * 484 ] consequence * of his ship being stranded, may be stated. If the stranding happen at a place and in a season of the year when the ship cannot be speedily got off, but the owner must wait so long for a favorable time, that the voyage is defeated, he is *397 not obliged thus to wait, but may throw the loss on the insurers by an abandonment.
But if the ship be stranded in a place where sufficient assistance can be obtained, and she may be in a short time got off, and repaired for the prosecution of her voyage, — as neither the ship nor the voyage is lost, there is no ground on which the owner can abandon his ship, and recover for a total loss. And where the stranding is under such circumstances, that the attempt to recover and repair the ship, in a reasonable time for the prosecution of the voyage, may be hazardous, but not hopeless, — if the underwriter will engage to pay all the expenses, whatever may be the event, the owner cannot abandon, until he has used such reasonable endeavors to recover his ship, and has eventually failed. (9) And a fortiori, if the underwriter will himself undertake, at his own expense, for the owner, the recovery of his ship, and shall succeed, and offer to restore her to him, so that he may seasonably prosecute his voyage, the owner cannot abandon, for neither the ship nor the voyage is lost.
These principles of the law of insurance are now to be applied to the case at bar.
The vessel insured appears not to have been wrecked, but to have been stranded on some rocks in her passage home, in Sheepscut River, and within less than five miles of her port of destination. On stranding, she overset, and was filled with water; and in a day or two after, being disengaged from the rocks, she sunk in deep water, which covered her. It is not stated that she received any essential injury by this accident, or that an attempt to weigh her, and prepare for finishing her voyage, would have been hazardous or very expensive. It does not appear that the plaintiff made any attempt, or offered the defendants to make any, if assured of the reimbursement of his expenses. It *is not [*485] stated that the vessel was stranded, where no assistance, materials, or workmen, could be seasonably procured. But it is stated that the plaintiff offered to abandon her on the day after she was stranded, and before she sunk in deep water; — that the defendants refused to accept this offer; that they undertook to recover the vessel, succeeded in the attempt, carried her to.the termination of her voyage, making her fast to a wharf in Wiscasset, then made considerable repairs upon her, and offered her to the owner.
To entitle the owner to abandon, there must be, at some period *398 during the voyage, a total loss, either real or constructive. But in the present case, no such loss has happened. The vessel has not been lost, nor has the voyage been defeated ; but it appears that the voyage has in fact been performed; and that the vessel was in safety at her destined port.
It does not appear from the case, that the vessel was wholly repaired by the defendants ; nor is it stated what degree of injury she sustained by the stranding. We cannot, therefore, presume that the injury was such as rendered her not worth repairing. Whatever it was, if the defendants have not repaired it, they are obliged by law to do it, or to reimburse to the plaintiff his expenses of the repairs.
The case of Furneaux vs. Bradley (10) arose on the stranding of the ship insured by a policy on time. The ship under the policy arrived at Quebec; but the lateness of the season preventing her return, she was removed into the basin for the winter, from whence, on the 19th of November, she was driven by a field of ice, and damaged by running on the rocks. Her condition could not be examined until April, when the policy had expired. She was then found to be bilged, and much injured, but not irreparably. In the progress of the repairs, difficulties arose for want of materials, and the master, after consulting the merchants and agent, sold her. And it was determined that the ship should be considered as damaged by the stranding, and not as totally lost. [*486 ] *This is a very strong case against the plaintiff; for the ship could not, from the season of the year, be examined and repaired until the expiration of four or five months. But the principle of the decision is certainly correct, that neither the ship nor the voyage was lost by the stranding. If the ship, if not stranded, might have sailed on her return voyage, which was interrupted for a long time by the accident, the voyage in that case would have been lost, and consequently the ship would have been constructively lost, by the stranding. But in that case, if the ship had been safe at her anchors, she could not have proceeded to sea during the season of the ice, and thus her voyage was not delayed.
We observe that the policy in the case at bar was upon time; and that, after the arrival of the vessel at Wiscasset, the policy had continuance for several months. If the plaintiff had afterwards employed her within the policy, and she had incurred a subsequent loss, total or partial, the defendants would have been holden to pay it, in addition to the partial loss, with which they are chargeable by the stranding in question.
*399 As we are of opinion that the loss complained of is not total, but partial, the verdict must be set aside; and, by the consent of the parties, commissioners are to be appointed, to adjust the partial loss, and a verdict to be entered accordingly upon their report. (10)

 Lee vs. Boardman, 3 Mass. Rep. 238. —Munson vs. N. E. Marine Insurance Co., 4 Mass. Rep. 88.

 [Vide Allen & Al. vs. Sugue, 8 B. & Cr. 561. — Peele vs. Merchants Ins. Co., 3 Mason, 27. — Petapsco Ins. Co. vs. Southgate, 5 Peters, 604. — Bradie & Al. vs Maryland Ins. Co., 12 Peters, 398.— Winn & Al. vs. Col. Ins. Co., 11 Pick. 279.— Deblois vs. Ocean Ins. Co., 16 Pick. 303. — Ed.]

 Marsh. 502.

 [See Peele vs. Merchants Ins. Co., 3 Mason, 27. — Peele vs. Suff. Ins. Co., 7 Pick. 254. — Dickey vs. Am. Ins. Co., 3 Wend 653. — Hart vs. Delaware Ins. Co., 2 Wash. 346. — Richie vs. Us. Ins. Co., 5 S. & R. 509. — Commonwealth Ins. Co. vs. Chas, 20 Pick. 142. — Emerigon, c. 17, § 6, n 2. — Ed.]

 Marsh. 503.

(11) [Peele vs. Merchants Ins. Co., 3 Mason, 27. — Patrick vs. Com. Ins. Co., 11 Johns. 13. — King vs. Mid. Ins. Co., 1 Conn. R. 184. — Church vs. Marine Ins. Co., 1 Mason, 341. — Bosley vs. Ches. Ins. Co., 3 G. & J. 450. — Sewall & Al. vs. Us. Ins Co., 11 Pick. 90. — Allen vs. Sugue, 8 B. & Cr. 561. — Brown vs. Smith, 1 Dow, 349. Hall vs. Franklin Ins. Co., 9 Pick. 466.— Ed.]