## WILLIAM RIDER *versus* THE OCEAN INSURANCE COMPANY.

The plaintiff and two others contracted for the purchase of a ship, paid part of the price in cash, gave their joint and several notes for the remainder, and received possession of the ship, but the vendor retained the legal title, with authority, in case the price should not be paid, to sell the ship and apply the proceeds to the notes. The plaintiff caused a sum to be insured on the ship, for whom it might concern, payable, in case of loss, to the vendor ; and after a partial loss, the vendor repaired and sold the ship and paid himself out of the proceeds ; and the other two contractors assigned to the plaintiff all their interest under the contract, and all benefit to be derived therefrom. It was *held*, that the plaintiff and the other two contractors had an insurable interest ; and that the plaintiff might recover on the policy for the whole of the partial loss, by an action in his own name alone, but that he should aver the interest truly in his declaration, viz. that the policy was made for the use of himself and the other two, and that they were jointly interested at the time when the policy was made and when the loss happened.

The opinion of such vendor, formed after the repairs were made, upon an examination of the documents and evidence, as to the loss being of such a character and extent as to constitute a legal claim against the underwriters, was *held* not to be admissible in evidence.

In such action a motion of the defendants, (who had not filed any set-off,) that the sums due to them from the plaintiff should be deducted (according to the terms of the policy) from the loss to be paid, was overruled ; but judgment was delayed in order that the defendants might bring a cross action, without prejudice, however, to the lien on such judgment for the fees of the plaintiff's attorney.

ASSUMPSIT on a policy of insurance, dated November 12, 1833, by which the defendants assured to the plaintiff, for whom it might concern, the sum of 6000 dollars, on the brig Iko, for one year, payable, in case of loss, to Nathaniel Curtis. The brig was on a voyage to East Florida when the policy was near expiring, and it was agreed that the risk should continue at a *pro ratâ* premium until her arrival at New York or Boston. The declaration contained three counts, two on the policy, and the third, for money, &c. The plaintiff alleged his interest in the following manner, viz., " that he was, at the

time of the execution of the policy and at the time of the loss, owner of and interested in the said vessel, to a large amount, to wit, to the value of the sum mentioned in the policy, that is to say, of the sum of 6000 dollars."

At the trial, before *Putnam* J., it was proved that the brig sailed from East Florida on January 3d, 1835, and arrived at New York about the 16th. On her passage she met with rough weather, and sustained injury by the perils of the seas, and the plaintiff claimed for a partial loss. The defendants resisted the claim, on the ground that the damage did not amount to five per cent. ; in which case they were not to be liable for a partial loss.

A contract was proved and read, dated November 6, 1833, between Nathaniel Curtis, in behalf of himself and two others, as owners of the brig, and the plaintiff and H. R. Blanchard and T. Wightman, by which Curtis agrees to sell the brig to Rider, Blanchard and Wightman for 5500 dollars, payable as follows, viz., $2000 to be paid in cash at the delivery of the vessel, $1166·66 by May 1, $1166·66 by August 1, and $1166·67 by November 1, 1834, with interest, and on payment of these sums and interest, he agrees that the vessel shall be conveyed to them by a bill of sale ; and the purchasers agree that they will pay for the vessel in the manner above specified, and will give their joint and several notes for the three last payments, and will cause the vessel to be insured until all the notes shall be paid, and that the loss shall be payable to Curtis, and that the vessel shall not be conveyed to them until the notes shall be paid, and that in default of payment of either of the notes, Curtis shall have the right to take possession of the vessel and sell her, it being understood that the surplus of money received by him on the sale or on the policies, over and above the sums which shall be due to the vendors, or for which they shall be liable as owners, shall be paid over to Rider, Blanchard and Wightman.

An assignment written upon this contract, and bearing date of May 21, 1835, was also proved and read, by which Blanchard and Wightman, in consideration of one dollar paid them by Rider, assign to him all their respective interests in the contract and all benefit which may be derived therefrom.

The payment of 2000 dollars was made, and the three notes were given by Rider, Blanchard and Wightman, and the vessel was delivered into their possession.

Curtis being called as a witness by the plaintiff, testified, on cross-examination, that the vessel was repaired at New York, and her rig altered ; that he did not hear of her arrival until she had been some time under repair and the alteration had been begun ; that he wrote to his correspondents there to take the management of the repairs ; that a considerable portion of the purchase money under the abovementioned contract remained unpaid ; that after the repairs were completed he sold the vessel, in February or March 1835, for $3800 ; that he received the proceeds of the sale ; and that on stating his account with Rider, Blanchard and Wightman, he found a balance of $320 due to them, which he paid over.

The defendants requested Curtis to state whether he had, after the repairs were made, examined the documents and evidence, with a view to ascertain whether the loss was of such a character and to such an extent, as to form a legal claim on the underwriters, and what opinion he formed on the subject. This question was objected to by the plaintiff, and the evidence was ruled out by the judge.

After the evidence on both sides was in, the defendants produced several promissory notes of the plaintiff to the defendants, given for premiums of insurance on the policy in question and on other policies, amounting to more than $800, and requested that if a verdict should be found for the plaintiff and sustained, these notes might be applied to the payment of the loss, according to the provision in the policy, a "loss shall be paid in sixty days after proof and adjustment thereof, the amount of the premium note, if unpaid, and all sums due to the company, from the insured, when such loss becomes due, being first deducted." These notes had not been filed in set-off.

The jury returned a verdict for the plaintiff for $800

The cause was reserved for the whole Court to grant a new trial, or to confirm the verdict and render judgment upon it, or to reduce it, or to order or do whatever might appear to be right in the case

*Peabody*, for the defendants, insisted, 1. that the opinion of Curtis ought to have been admitted, on the grounds, that he was a person of skill in the subject of inquiry, and that he was so far an owner of the vessel, as that his confessions would have affected the rights of the parties.   2. That the plaintiff's interest ought to be set out truly in the declaration and be proved as averred ; whereas he had alleged that he was interested to the amount of the whole sum insured, but the evidence proved that at the times when the insurance was made and when the loss happened, his interest was only one third of that sum.   2 Phillips on Ins. 399, *et seq.*, 485, 491; *Catlet* v. *Pacific Ins. Co.*, 1 Paine, 615 ; *Wright* v. *Welbie*, 1 Chit. Rep. 49 ; *Bell* v. *Ansley*, 16 East. 141, 142.   And 3. that the sums due from the plaintiff to the defendants ought to be set off against the loss.

*H. H. Fuller* and *Washburn, contra*, cited to the point that the plaintiff and Blanchard and Wightman had an insurable interest, *French* v. *Hope Ins. Co.* 16 Pick. 397 ; *De Forest* v. *Fulton Fire Ins. Co.* 1 Hall, (New York,) 84 ; *Columbian Ins. Co.* v. *Lawrence*, 2 Peters, 46 ; *Lazarus* v. *Commonwealth Ins. Co.* 5 Pick. 76 ; *Strong* v. *Manufacturers Ins. Co.* 10 Pick. 40; *Buck* v. *Chesapeake Ins. Co.* 1 Peters, 151.

PUTNAM J. delivered the opinion of the Court.   The defendants objected to the ruling of the judge at the trial, in regard to a question proposed by them to Curtis, a witness for the plaintiff, viz. whether the witness had, after the repairs of the brig Iko had been made, examined *the documents and evidence*, to ascertain whether the loss was of such a character and to such an extent that it formed a legal claim on the underwriters, and what opinion he formed on the subject.   It seems to us to be altogether immaterial whether he did or did not form any opinion upon the subject.   If he did form an opinion, it was not legal evidence on this trial.   It was not offered to contradict any statement which the witness had made upon the trial.   It was for the jury, and not for the witness, to form an opinion upon the documents and evidence.

It was also objected, that the verdict is for the whole damage or amount of partial loss that was sustained, whereas the plaintiff proved an interest in only one third of the vessel, and should have recovered for only one third of the partial loss

The policy is in the name of Rider, for whom it may con-
cern, and the sum insured is payable to Curtis in case of loss.
The plaintiff, in alleging his interest, avers " that he was at
the time of the execution of the policy and at the time of the
loss herein after mentioned, owner of and interested in the
said vessel to a large amount, to wit, to the value of the sum
mentioned in the policy, that is to say, of the sum of six
thousand dollars." This allegation is not strictly supported
by the evidence. The declaration was not read at the trial.
The plaintiff stated his claim to recover for a partial loss ; the
defendants contended that it did not amount to five per cent.,
and both parties referred to the evidence upon that point. It
was proved that the legal title to the vessel was in Curtis, and
others, for whom Curtis was legally authorized to act, but
that the plaintiff and Blanchard and Wightman, had an equita-
ble interest in her, arising from an executory contract, made
on November 6, 1833, which was in writing and was proved
at the trial to have been made between them and Curtis in be-
half of himself and the other owners. By that contract Ri-
der, Blanchard and Wightman, agreed to purchase the Iko for
5500 dollars, 2000 to be paid in cash, and the remainder at
subsequent periods, for which they gave their joint and seve-
ral promissory notes. They paid the 2000 dollars, and re-
ceived the vessel into their possession ; and they were to
keep her insured, and the policy was to be payable, in case
of loss, to Curtis. If the price were paid according to the
agreement, the legal title was to be conveyed to Rider, Blan-
chard and Wightman. It is very clear therefore that they had
an insurable interest in the vessel, in virtue of this contract
and the proceedings under it. If the vessel had been lost
while she was in their possession and without insurance, they
would have lost the 2000 dollars which they had paid, and
would have been liable for the rest of the price, for which
they had given their promissory notes. They were all interest
ed in her at the time when the policy was made, and when the
loss happened. But it was proved that Blanchard and Wight-
man, after the loss, viz. on May 21, 1835, assigned their
interest to Rider. So that he only had any concern in the
subject matter of the insurance after that time. The action

was brought in September, 1836, and at that time the plain tiff was the only person interested in the policy. The suit would have been properly commenced in his own name, even if he never had been interested in the vessel ; but in such case he should have averred and proved for whose account the policy was made, and in whom the interest at the time of the loss really was. Under the facts and circumstances of this case the plaintiff might have alleged that he made the contract in his own name, but for the use of himself and Blanchard and Wightman, who were jointly interested with him at the time when the policy was made and when the loss happened ; that they had, after the loss and before the action was commenced, assigned their interest to him ; and that the suit was brought for the benefit of himself only, inasmuch as Blanchard and Wightman were no longer interested with him in the amount to be recovered upon the policy. The evidence produced would have supported a declaration to that effect. Now there was no objection made at the trial, that there was any variance between the evidence and the declaration. It was not until the jury returned with their verdict, that the want of interest, or variance, was suggested. If there had been such an objection, an amendment would have been granted, under the circumstances, without terms. And since the parties have agreed, "that the Court may grant a new trial, or confirm the verdict and render judgment upon it, or reduce it, or order or do whatever may appear to be right in the case," according to the evidence, we are of opinion, that inasmuch as the cause was tried upon its merits, without any regard to the form or manner in which the plaintiff stated his claim, the defendants must be held to have waived all objection to the declaration. The cause proceeded on the ground, that the plaintiff should recover if the loss amounted to five per cent. The plaintiff has established his right to recover more than that amount, by the verdict. As Blanchard and Wightman have assigned their parts to the plaintiff, he will not be accountable to them. By the terms of the policy, the money was to have been paid to Curtis ; but as he has received his pay for the price, from the sale of the vessel itself, the plaintiff will hold the proceeds of the policy for his own use.

The policy was made by the defendants with the plaintiff. He had a right to enforce it in his own name, for the benefit of whomsoever it concerned ; or the action might have been brought in the name of the cestui que trust. If brought in the name of the agent, the declaration should state who were the real parties in interest at the time when the policy was made and at the time of the loss ; for no other persons would be entitled to recover upon the policy. The underwriters are entitled to have it truly stated on the record, whose interest the policy was intended to protect, although the action be brought in the name of the person who effected the policy, and although he be not himself interested. The parties really interested are to be considered so far parties to the suit as that their declarations (while their interest continues) shall be evidence for the defendants. *Bell* v. *Ansley*, 16 East, 141.

In the case of *Godin, Guion & Co.* v. *London Assurance Co.* 1 Burr. 489, the action was brought in the names of the insurance brokers. The policy was expressed to be made, " as well in their own names, as for and in the name and names of all and every other person or persons to whom the same doth, may, or shall appertain, in part or in all." The policy was for the benefit of John Tamesz. He was the plaintiff in effect. So in *Munson* v. *New England Ins. Co.* 4 Mass. R. 88, the action was in the name of the agent. So in *Stirling et al.* v. *Vaughan*, 11 East, 819, it was in the names of the agents, for the benefit of the captors of a prize. On the other hand, the case of *Lazarus* v. *Commonwealth Ins. Co.* 5 Pick. 76, was sued by the owner in his own name, on a policy effected by his agents, Smith & Stewartson.

In the case at bar no fraud was suggested. The plaintiff was fully authorized to make the insurance in the manner in which it is expressed in the policy, and the plaintiff has proved that those for whom the insurance was made, had an insurable interest at the time of the making of the policy and at the time of the loss, and that he is legally their representative. He may therefore recover. What he is to do with the money, is not the concern of the defendants, and the fact that those who were originally interested with him at the time of making the policy and at the time of the loss, have since au-

Rider
*v.*
Ocean Ins.
Co.

thorized him to keep their parts for his own use, does not furnish any ground of defence to the defendants.　No strangers to the original contract of insurance are introduced, as was done in *Carroll* v. *Boston Mar. Ins. Co.* 8 Mass. R. 515.

The defendants however claim to deduct from the judgment, the amount of the premium note, which they produce and aver to be unpaid, and also all sums due to the company from the assured at the time when the loss became due.　But the plaintiff's counsel objects to this, because these demands were not filed in the case, and because such set-off, to that extent, might defeat the lien of the attorney, which by the Revised Stat. *c.* 88, § 28, he is entitled to have on the execution, for fees and disbursements.

We think that the defendants, by the terms of the contract, should have an opportunity to avail themselves of their claims which are therein secured or provided for, in some way or other.　It cannot be now allowed under the Revised Stat. *c.* 96, § 16, because no statement of the cross demands has been filed.　And the plaintiff should have an opportunity to contest the claims so offered.

But we all think that this action should stand continued for judgment, until the defendants may sue the plaintiff for the premium note and for any other sums which were by the terms of the policy to be allowed on settlement of this loss.　This opinion is not to be construed as impairing the lien of the attorney for fees and disbursements, on the execution which may issue upon the judgment, when it shall be rendered, in the case at bar.

With this explanation the parties will probably be able to adjust their controversies relating to this policy, without any further litigation.

The opinion of the Court is, that the motion for a new trial be overruled, and the judgment will be for the plaintiff, conformably to the verdict.