The sum insured upon the joint lives of the plaintiff and Michael O'Reilly was, upon the death of either, payable to the survivor in sixty days after due notice and proof of such death. It is objected by the defendant, that no proof of the death of either of the insured was made to the company, and for that reason the action is premature. By the terms of the contract the insurers have the full time of sixty days after proof of death, within which to pay the money, and no action can be maintained upon the policy until after the expiration of that time. It is conceded that notice of the death of Michael O'Reilly was given. The notice was in the form of a letter from the plaintiff to the defendant, dated June 3d 1872, commencing: "I hereby inform you," and stating that Michael O'Reilly, the husband of the writer, and one of the insured, had died in Providence, R.I., on the fifteenth of May preceding, after a short illness. As a notice, the letter was a full compliance with the requirements *Page 172 
of the policy, and gave all the information the company could require under the condition that notice should be given. It was held upon the trial that it served the purpose of and was proof of the death of Michael, sufficient as the preliminary proof also required by the terms of the policy so as to give an action after the lapse of sixty days from the time of its receipt by the defendant. The notice and proof of death required as conditions precedent to a right of action upon the contract were distinct and separate acts. "Proof" of death, if seasonably made, might serve for both the proof and notice contemplated, as the more authentic and verified information, contained in the "proofs," would ordinarily include all the particulars which would be communicated by the informal notice. But the converse is not true. A mere notice cannot supply the place of, or dispense with, the more formal proof provided for in the policy. The two are entirely distinct in their character, and are mentioned as two distinct acts to be performed by one who claims the benefit of the insurance. A notice may be and usually is, as in this case, an informal, unverified and uncorroborated assertion of the claimant, the party in interest. It is ordinarily given immediately after the happening of the event. There need be no delay in notifying the insurers, while the making of formal proofs may be a work of time. What the character of the "proof" should be when not prescribed by the terms of the policy must depend very much upon the fact to be proved, and the evidences by which it is ordinarily established, or of which it is susceptible. But that proof, as that term is used, means something more than the unverified declaration of the party in interest, whether formal or informal, may be laid down as a self-evident proposition. Else why require "proof" in addition to "notice ?" If "notice," information or advice by the party in interest is proof, the one word would have sufficed, and the second word has no place in the condition or office to perform. "Proof," as in addition to notice, must mean evidence in some form, such form as is usual and customary in such cases, or as is recognized by law, and is calculated *Page 173 
to convince or persuade the mind of the truth of the fact alleged. The bare statement of one of known character for truth, might convince one who knew him of the reality of the facts stated by him, but it would not be proof, in any proper sense. Proof is frequently used as the synonym of "evidence" (1 Greenl. Ev., § 1), and it was probably so used in this instance. The condition can only be performed by furnishing evidence in some form of the truth of the fact stated in the notice, and upon which the right of action depends. It need not be that full, clear and explicit proof, which would be required upon the trial of an issue upon the question, but it must be such reasonable evidence as the party can command at the time, to give assurance that the event has happened, upon which the liability of the insurers depends. (Walsh v. Marine Ins. Co., 32 N.Y., 427.) The purpose of the condition is that the insurer may be able intelligently to form some estimate of his rights and liabilities before he is obliged to pay, and some proof must be exhibited. (2 Arn. on Ins. 1200.) In Lenox v. United Ins. Co. (3 J. Cas., 224), it was held that the protest of the master was sufficient as preliminary proof of the loss of a vessel, as it was proof in the customary form. The court did not pass upon the question whether proof by affidavit or under oath was contemplated or necessary in all cases, but the protest was held sufficient as the customary evidence in such cases, and that was proof under oath, and so stated to be by the court. The same evidence was held sufficient in Talcot v. Marine Ins. Co. (2 J.R., 130.) It was the usual documentary evidence of the fact alleged. (See also Munson v. New England Marine Ins., 4 Mass., 88.)Taylor v. Ætna Life Ins. Co. (13 Gray, 434), was an action on a life policy, and the court, by METCALF, J., says, commenting upon a similar condition, that "such notice and proof were prerequisite to the maintenance of this action." Proof had been furnished the company, and the defendant admitted that there was no defect in the proof of death, unless in order to constitute due proof thereof it was necessary to produce a sworn certificate of the attending *Page 174 
physician. The court held that the insurers, not having made the production of such certificate a condition of the policy, could not insist upon it, but that any proof which was reasonably sufficient in law would be a compliance with the condition. What is proof must be determined according to the rules of evidence so far as they can be applied to extra judicial proceedings. The parties may prescribe the character of the proofs to be made, but in this case they have not done so, and it is left to be determined by general principles applicable to like cases. As no proof of the death of Michael O'Reilly was furnished or attempted to be furnished, we are not called upon to say what proof would answer the call of the policy. There being no proof of any kind furnished the condition precedent to an action was not performed.
The defendant did not waive the condition or the furnishing of proof of death by omitting to notify the plaintiff that the notice was not proof. The notice was sufficient as a notice, and did not purport to be more than a mere notice.
It would have been impertinent to have notified the plaintiff that a paper, not purporting to be proof, was not sufficient proof of the death of the party.
The judgment must be reversed, and a new trial granted.
All concur.
Judgment reversed.