(113 App. Div. 235)

## GLAZER v. HOME INS. CO.

(Supreme Court, Appellate Division, First Department. May 11, 1906.)

1. INSURANCE—PROOFS OF LOSS—SUFFICIENCY.

Under a fire policy providing that, within 60 days after loss, the insured should render a sworn statement of the time and origin of the fire, the interest of insured, and cash value of each item of loss, a statement merely giving the name of insured, the number of the policy, a list of articles claimed to be damaged, but ·not sworn ·to and not stating the time and origin of the fire or the interest of insured, is not sufficient.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, §§ 1358, 1349.]

2. SAME—PLEADING—WAIVER.

In an action on a fire policy, an allegation that plaintiff served on defendant, as proof of loss, a complete 'inventory of the property destroyed and injured, that the same was retained by defendant without objection, and that defendant had required no further or other proofs or loss, was not sufficient, as an allegation that proofs of loss had been waived.

3. SAME—WAIVER—OFFER OF SETTLEMENT.

Evidence that, after loss under a fire policy, an adjuster employed by the defendant visited insured and made him an offer of settlement which was immediately declined, and which was not renewed, or any other negotiations had during the period within which insured was required to furnish proofs of loss, did not show a waiver of the requirements of the policy as to proofs of loss.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, §§ 1390, 1406.]

O'Brien, P. J., and Houghton, J., dissenting.

Appeal from Appellate Term.

Action by Joseph Glazer against the Home Insurance Company. From a judgment of the Appellate Term (96 N. Y. Supp. 136), reversing a judgment for plaintiff, plaintiff appeals. Affirmed.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGHLIN, CLARKE. and HOUGHTON, JJ.

Sigmund S. Rotter, for appellant.
Alfred E. Nathan, for respondent.

INGRAHAM, J. The action was brought upon a policy of fire insurance. The policy was a New York standard policy, and contained the following clause:

"If fire occur the insured shall give immediate notice of any loss thereof in writing to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon, and, within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of loss thereon; all incumbrances thereon; all other insurance, whether valid or not, covering any of said property; and a copy of all the descriptions and schedules in all policies; any changes in the title, use, occupation, location, possession or exposure of said property since the issuing of this policy; by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of the fire."

The defense relied on by the defendant is a failure to comply with this provision of the policy. The fire took place on September 30, 1903. On October 2, 1903, there was served upon the defendant by mail the following:

"Dear Sirs: Please call to investigate the fire at 137 Essex St. of Joseph Glazer, am's of policy $500. Policy No. 98,243. Damage as follows: [Then follows a list of articles of personal property, with a number of dollars opposite each item aggregating $242; and then followed the following:] Many things were thrown out in the street. Sideboard and lookingglass damaged."

It is evident that this paper was not the proof of loss required by the policy. It was not signed or sworn to by the insured; did not state the time and origin of the fire, the interest of the insured in the property; by whom or for what purpose the building in which the fire occurred was occupied. This clause of the standard policy provides for two acts of the insured. One is that the insured shall give immediate notice of any loss thereof in writing to the company, and this paper is sufficient to comply with this provision; but, in addition to this immediate notice, the policy required that the insured should within 60 days "render" a sworn statement of the loss. In addition, therefore, to notice of any loss to the property required to be immediately given to the company, the insured was bound to furnish the proof of loss within 60 days after the fire. O'Reilly v. Insurance Company, 60 N. Y. 169, 19 Am. Rep. 151. The plaintiff, however, claims that this requirement of the policy was waived by the defendant, and this is the question presented upon this appeal.

The defendant claims that there is no allegation in the complaint that this clause was waived, and therefore the plaintiff could not sustain the cause of action based upon a waiver. The complaint alleges that the plaintiff duly fulfilled all the conditions of the said agreement on his part, and more than 60 days before the commencement of this action, to wit, on or about the 2d day of October, 1903, served on the defendant, as the proof of loss, a complete inventory of the property destroyed and injured, with the quantity and costs of each article and the amount claimed thereon, and the same has

been retained by the defendant without objection, and that the defendant has required no further or other proofs of loss to be furnished. I do not think this allegation is sufficient to justify proof of a waiver of the provision of the policy. It is an allegation of the performance of the provisions of the contract, and that the proof of loss as served was received and retained by the defendant, and that the defendant has required no further or other proof of the loss to be furnished. The notice that was furnished was only the immediate notice of any loss required by the first clause of this provision of the policy. The mere service of this notice was not in any sense a service of the proof of loss required by the policy; nor was its retention a waiver of the further proof of loss required, as the insured was bound to give this notice, and in addition the proof of loss. So, that the allegation that this statement was received by the company was not an allegation of a waiver by the defendant of its right to insist upon the verified proof of loss. Nor is the fact that the defendant required no further or other proof of loss to be furnished an allegation that it has waived the requirements of the policy. The policy required the plaintiff to furnish the proof of loss and did not require the defendant to demand it. I think therefore that the plaintiff, having alleged performance of the conditions of the policy, was bound to prove such performance, and could not rest a right to recover upon a waiver by the company of a condition upon which its liability depended.

Assuming, however, that the allegation of the complaint was sufficient, I do not think the evidence sustained a finding that the defendant had waived this provision of the policy. This waiver is based upon the fact testified to by the plaintiff that on Friday morning, two days after the fire, an adjuster for the defendant was on the premises. On Saturday, October 3d, the plaintiff was at the company's office accompanied by an insurance agent by the name of Richmond and saw the adjuster, who said to Richmond that he would give to the plaintiff $38. This offer the plaintiff at once refused. Richmond, the agent, testified that on the day of the fire he went to the plaintiff's house and subsequently made out the notice that was mailed to the insurance company at its office on Broadway; that afterwards he went to the office of the company and asked a Mr. Thomas to settle the loss with the plaintiff; that Thomas offered $38, but that the plaintiff did not accept it; that this was a couple of days after the fire; that Thomas had the notice that had been served on the insurance company by mail and retained that notice; that, a few days after, he called again upon Thomas, when Thomas again offered him $38, which the plaintiff again declined, and that was the last interview that was had with any of the officers of the defendant in relation to this loss. Upon cross-examination the witness testified that the only conversation that he had with Thomas, the adjuster for defendant, was that he told him of the fire, whereupon Thomas said, "My offer is $38"; that, while Thomas had this notice of October 1st in his hands, nothing was said about it. The plaintiff also introduced a letter from the adjuster of the defendant, dated November 30, 1903, addressed to the plaintiff's attorney, which stated:

"Please take notice that your client Joseph Glazer, of 137 Essex street, city, nas failed to file within the 60 days required (as per lines 67 to 80 inclusive), a sworn proof of loss covering his claim for alleged damage ·by reason of fire under policy No. 98,243 issued to him by this company; nor has he filed up to-day a schedule showing the value of each item and the amount claimed. on each article. According to our inspection, we have been unable to discover any damage exceeding $38, which has been tendered the assured on the 3d day of October. Without waiving any of our rights, and as a matter of equity only, we are ready to advocate payment by this company in accordance with our ascertainment of loss as above reported."

Upon this evidence the plaintiff rested, and the defendant moved to dismiss the complaint, one of the grounds being that there was no evidence in the case that the proof of loss was filed in accordance with the conditions of the policy; that there was no waiver shown by the defendant of the terms required as to the filing of the proof of loss. That motion was denied, and the defendant excepted. Thomas was called by defendant. He testified that he went to the building immediately after the fire and examined the articles that he saw there which were claimed to have been injured; that he made an offer to the insured of $38; that at the time he made the examination of the premises he did not have the notice dated October 1st with him, and did not know of its existence; that he had been connected with the defendant for 16 years as an adjuster, being sent out by the defendant to investigate the cause of fires, and his duty also included the settlement of claims.

It seems to me that this falls far short of proving a waiver of the requirements of the policy that the plaintiff should render the defendant, within 60 days after the fire, a verified proof of loss. The company had notice of the fire given by the plaintiff, as required by the policy. It sent its adjuster to the place of the fire to make an examination, and that adjuster stated to the plaintiff that the defendant would be willing to pay $38. That offer was at once refused. No further negotiations took place. Nothing was said or done by any representative of the company which would in any way waive the right of the company to require of the plaintiff proper proof of the extent of the damage. The defendant did not then, and does not now, claim that the policy was invalid, but offered to pay to the plaintiff $38 in settlement of his claim against the company, and, when he refused that offer, the company was entitled to insist upon a compliance by the plaintiff of the provision of the policy as to the proof of the amount of the loss. If this negtiation had been continued until after the 60 days had expired, or if the defendant had said or done anything that recognized its obligation to pay to the plaintiff the amount of his loss, whatever it was, of if the plaintiff had been in any way induced to refrain from filing proof of loss by any act of the company, or had in reality refrained because of such negotiations, a different question would be presented; but the agent of the plaintiff swore that he had no knowledge of the fact that proof of loss was required, and plaintiff's failure to furnish proof of loss was not because of anything that defendant did or did not do.

In an interesting opinion, delivered in the Third Department, in the case of Nugent v. Rensselaer County Mut. F. Ins. Co., 106 App.

Div. 308, 94 N. Y. Supp. 605, the cases in relation to a waiver by an insurance company of a condition in the policy are collated; but in none of the cases cited, and in none of which I have any knowledge, is the fact that a company makes an offer to settle a claim immediately after a fire and before proofs of loss are required by the policy, which offer is at once refused and the negotiation ended before the time in which service of the proof of loss is required, has been held to be a waiver of the requirement that such proof must be furnished. In Gibson Electric Company v. Liverpool & London & Globe Ins. Co., 159 N. Y. 418, 54 N. E. 23, where the defense was that the policy was void, the Court of Appeals say:

"The insured must have been misled by some act of the insurer, or it must, after knowledge of the breach, have done something which could only be done by virtue of the policy, or have required something of the assured which he was bound to do only under a valid policy or have exercised a right which it had only by virtue of such policy."

· In this case the defendant did not dispute the validity of the policy, but disputed the amount of the loss that appeared in the notice of the loss served by plaintiff, and immediately after the fire made an offer which, if accepted, would have avoided the necessity of a compliance with the provisions of the policy. This offer was at once refused, and the parties were then left in exactly the same position that they were in before the offer was made. The breach by the plaintiff was in not rendering proof of loss to the company within 60 days after the fire. The defendant did nothing after that breach had occurred, and it did nothing to waive the breach. The plaintiff was not misled by any act of the defendant, and did not refrain from serving proof of loss in consequence of any act of the defendant. The offer was made and rejected long before the proof was due.

My conclusion therefore is that, as the plaintiff failed either to allege or prove that the defendant waived this condition of the policy, and as it is conceded that the plaintiff cannot recover, unless he has complied with the conditions of the policy or the defendant waived the condition, the plaintiff was not entitled to recover.

It follows that the determination appealed from should be affirmed, and judgment absolute awarded to the defendant under the stipulation, with costs. All concur, except O'BRIEN, P. J., and HOUGHTON, J., who dissent.