HOFFMAN v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Division, Second Department. December 10, 1909.)

1. INSURANCE (§ 645*)—ACTIONS—PROOF—CONFORMITY TO PLEADINGS.
   In an action on a life policy, in which plaintiff alleged proof of death in accordance with the terms and conditions of the policy, he cannot show a waiver of the conditions as to proof of death.
   [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 645.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EVIDENCE (§ 344*)—DOCUMENTARY EVIDENCE—TRANSCRIPT OF OFFICIAL REC-
ORD.

Under Code Civ. Proc. § 933, making a transcript from a record kept pur-
suant to law in a public office evidence as if the original was produced, if
certified by the officer having custody of the original or his clerk, under
his official seal and the hand of the person certifying it, a transcript from
the record of the deaths reported to the department of health of the city
of New York, certified to by the chief clerk of the department and under
its seal, was competent evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1203; Dec. Dig.
§ 344.*]

3. NAMES (§ 18*)—IDENTITY—PRESUMPTIONS.

The identity of a person referred to in a certificate of the report of
deaths to a city department of health, with the person named in an in-
surance policy, was presumptively shown by the identity of the names, and
such presumption was strengthened by the fact that the certificate gave
the place of death the same as that given by a beneficiary's proof of
death, and that the names of the father and mother of such person and of
insured were the same.

[Ed. Note.—For other cases, see Names, Cent. Dig. § 17; Dec. Dig. §
18.*]

4. INSURANCE (§ 659*)—LIFE POLICIES—ACTIONS—ADMISSION OF EVIDENCE—
PROOF OF DEATH.

A life policy provided that it should be void if insured, before its is-
suance, had any kidney disease, and required proofs of death to be made
upon blanks to be furnished by the company and to contain the record,
evidence, and verdict of the coroner's inquest, if any. In an action on
the policy, plaintiff offered in evidence a paper, which she testified was giv-
en her by the company to fill out, entitled, "Statement of Claimant," and
in answer to the question, "Cause of death," was the words, "See tran-
script." This "statement" was admitted over an objection that it was
incomplete. Thereafter defendant offered in evidence a certified tran-
script of the records of the deaths reported to the city department of health
purporting to be the record of the death of a person of insured's name, and
the names of whose father and mother were the same as insured's father
and mother, such certificate showing that the person named therein died of
alcoholism and chronic Bright's disease. *Held*, that under the policy
plaintiff should have furnished the record, evidence, and verdict of the
coroner's inquest, and, the paper offered by plaintiff in proof of death
being incomplete, the certified transcript of the death record offered by
defendant was admissible to complete the proof of death.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 659.*]

Appeal from Municipal Court, Borough of Brooklyn, Third Dis-
trict.

Action by Harriet Hoffman against the Metropolitan Life Insurance
Company. From a judgment for plaintiff, defendant appeals. Re-
versed, and new trial ordered.

Argued before WOODWARD, JENKS, BURR, RICH, and MIL-
LER, JJ.

James G. Purdy, for appellant.
Emanuel Jacobus (Jerome L. Adler, on the brief), for respondent.

BURR, J. On the 7th of January, 1907, the defendant issued its
policy, by which it agreed, subject to the conditions therein specified,
to pay to the plaintiff the sum of $207 upon receipt of proofs of the
death of Henry G. Harris "made in the manner, to the extent and upon
the blanks required" in said policy. One of the conditions contained

in the policy was that it should be void if the insured before its date had "been attended by a physician for any serious disease or complaint; or has had before said date any * * * disease of the * * * kidneys." Another condition of the policy was that:

"Proofs of death under this policy shall be made upon blanks to be furnished by the company and shall contain * * * the record, evidence, and verdict of the coroner's inquest, if any be held."

On July 27, 1907, the said Henry G. Harris died. Thereafter the plaintiff began this action to recover the amount of the said policy, and alleged in her complaint that the plaintiff had submitted to the defendant "proofs of death in accordance with the terms and conditions of the said policy," and that the plaintiff and the insured had performed all of the "covenants and conditions on his and her part in said contract or policy to be performed." From the judgment rendered in the said action, the defendant appeals.

Having alleged compliance, the plaintiff cannot establish waiver of performance of either covenants or conditions. Allen v. Dutchess County Mut. Ins. Co., 95 App. Div. 86, 88 N. Y. Supp. 530; Williams v. Fire Association of Philadelphia, 119 App. Div. 573, 104 N. Y. Supp. 100. The plaintiff failed to show a submission of proofs of death in accordance with the terms and conditions of the policy. She testified that after the death of the insured she called at the office of the company, and they gave her a paper which they instructed her to fill up and return. She then offered in evidence a paper partly printed and partly written, entitled: "Metropolitan Life Insurance Company. Statement of Claimant." This paper, which she says that she signed and gave to the insurance collector, was not verified, although the printed blank contained a form of oath to be administered to the claimant. In answer to the question, "Cause of death," was written the words, "See transcript." When this paper was offered in evidence, it was objected to as immaterial, irrelevant, and incompetent, and on the ground that it was incomplete. It was admitted, and the defendant excepted. If this unverified paper could be deemed a proof of death (O'Reilly v. Guardian Mutual Life Ins. Co., 60 N. Y. 169, 19 Am. Rep. 151; Glazer v. Home Insurance Co., 113 App. Div. 235, 98 N. Y. Supp. 979), it was incomplete. Accompanying the paper, which was produced by the defendant, although not physically attached to it, was another paper, entitled "A Transcript from the Records of the Deaths Reported to the Department of Health of the City of New York." This was certified by the chief clerk of the department of health in the borough of Manhattan, and the seal of the department was attached, as required by section 933, of the Code of Civil Procedure. It was therefore competent evidence. People ex rel. Sears v. Tobey, 153 N. Y. 381, 47 N. E. 800. It purported to be the certificate and record of the death of Henry Harris. It does not appear how this paper came into the defendant's hands. After the paper offered by the plaintiff had been received in evidence against defendant's objection and exception, the defendant offered this paper in evidence, and it was excluded upon the ground that the plaintiff had never seen it. The fair meaning of the plaintiff's answer to the question, "Cause of

death," must be a cause stated in some transcript of the record of the death of the insured. It does not appear that there was any other record thereof. The identity of the person referred to in the death certificate with the person referred to in the policy of insurance is presumptively established by the identity of name. Hatcher v. Rocheleau, 18 N. Y. 87; Hartshorn v. Metropolitan Life Ins. Co., 55 App. Div. 471, 67 N. Y. Supp. 13; Layton v. Kraft, 111 App. Div. 842, 98 N. Y. Supp. 72.

This presumption is further strengthened by the fact that the place of death stated in the death certificate and in plaintiff's statement is the same, and that the names of the father and mother of the deceased and the insured are also the same. The plaintiff must be deemed by her answer to the question to have authorized the defendant to make this official transcript of the record of the death of Henry Harris a part of the paper which she submitted as a proof of death. If it was proper in the first instance to admit the paper offered by the plaintiff without this, certainly it was competent for the defendant to have this paper received in evidence to complete the statement made by the plaintiff. The materiality and importance of this evidence becomes apparent when we find from an inspection of such paper that the cause of Harris' death was stated to be, "Alcoholism, Chronic Bright's," and that a coroner's inquest was held. That being the case, in order to make the proofs complete, it was the duty of the plaintiff, under the express provision of the policy, to furnish to the defendant the record, evidence, and verdict of the said coroner's inquest, and, until that was done, proofs of loss in accordance with the terms of the contract, and which were a necessary condition precedent to the right to recover upon the policy, had not been furnished.

It is probable that other errors prejudicial to the defendant were committed in the course of the trial; but, inasmuch as this is sufficient to require a reversal of the judgment, it is unnecessary that these should be considered.

The judgment appealed from should be reversed, and a new trial ordered; costs to abide the event. All concur.