### FASS v. ILLINOIS SURETY CO.

(Supreme Court, Appellate Term, First Department. May 9, 1916.)

PRINCIPAL AND SURETY ☜123(2)—PROOF OF LOSS—ESTOPPEL.

Under a bond requiring written notification of the surety company within 48 hours after default in payment for materials furnished, and furnishing "written proofs" of facts within 30 days, a letter advising the surety company of the default, and demanding immediate payment under threat of legal proceedings, *held* sufficient "written proofs," as well as notice, in the absence of any requirement by the company of more detailed proofs; for, if the time for filing further proofs had been permitted to pass by the company without objecting to the sufficiency of the letter as proof it was estopped from claiming that the letter is insufficient.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 310; Dec. Dig. ☜123(2).]

Lehman, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Nathan Fass against the Illinois Surety Company. From a judgment for defendant, after trial by the court without a jury, plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued March term, 1916, before LEHMAN, PENDLETON, and · WHITAKER, JJ.

David Friedman, of New York City (Charles C. Peters, of New York City, of counsel), for appellant.

Nelson L. Keach, of New York City (L. Laflin Kellogg, of New York City, of counsel), for respondent.

PENDLETON, J. This is an appeal by plaintiff from a judgment entered after a trial before the court without a jury. The action is on a surety company's bond to secure payment to plaintiff of an amount agreed to be paid for labor and materials to be furnished. The bond required that the surety company should be notified in writing of any default on the part of the principal within 48 hours after the occurrence of such default, and that not later than 30 days after the occurrence of any such default the insured or obligee should file with the surety company "written proofs" of the principal facts showing such default and the date thereof. The defendant contends, and the court below found, that this condition had not been complied with, and the correctness of that ruling is involved in this appeal.

It seems very clear, both on principle and authority, that two things are required by the above provisions, viz. notice of default and "written proofs" of the principal facts as to default, but that this does not necessarily mean that separate papers or documents must be furnished, and that if sufficient for the purpose both the "notice" and "written proofs" may be contained in one instrument or paper. In this case a letter was addressed to the defendant, signed in plaintiff's name, by his attorney, advising it of the fact of the alleged default, and concluding with the request that defendant make immediate payment of the amount not paid, and the statement that otherwise he (plaintiff), would be obliged to engage counsel to enforce collection thereof. Strictly speaking, the letter is in form a notice only, but does, in effect, contain a statement of fact. Even so, however, it may be conceded that, standing alone and without the concluding clause, it falls short of a compliance with the conditions of the bond. The concluding sentence, however, was a plain indication that plaintiff considered he had done all that was required of him to entitle him to payment, and therefore that the letter was intended as both the notice and the proof called for by the bond; otherwise, the demand for payment was meaningless. The defendant, on the receipt of this letter including such demand, must have understood that the plaintiff considered it a compliance with the provisions of the bond, and under such circumstances was required, in the exercise of good faith, if it deemed the letter insufficient, to so notify plaintiff; not having done so, plaintiff was entitled to assume it was sufficient and rely thereon, and, the time for filing further proofs having expired, defendant is estopped from now claiming that the letter is insufficient. O'Reilly v. Guardian Mutual Life Ins. Co., 60

N. Y. 169–174, 19 Am. Rep. 151; Glazer v. Home Ins. Co., 190 N. Y. 6, 82 N. E. 727.

It is not a question of waiver of performance, which must be pleaded, as where there is a total failure to give notice, or alleged proofs and waiver is relied on, but defendant is estopped from asserting that the letter is not performance. The object of the condition in the bond is that the surety shall be given an opportunity to investigate and satisfy itself before being called upon to pay, and it was urged on the argument that defendant, after the receipt of the letter in question, expected and was entitled to expect that it would be furnished with further proofs, and relying thereon made no investigation of the facts. It is manifest, however, that by the letter, purporting to contain information and calling upon defendant to pay, it was apprised of plaintiff's claim that no further proof was required. It could then have proceeded on the facts presented, or, if it deemed these insufficient under the provisions of the bond, have notified plaintiff in order that he might give more. It could not lull plaintiff into inaction until the time had elapsed and then claim the proofs insufficient.

Judgment reversed, with costs, and judgment directed for plaintiff for $950, with interest and costs in the court below.

WHITAKER, J. (concurring). I concur with Mr. Justice PENDLETON that the judgment should be reversed. Upon the receipt of the notice, concededly given by plaintiff and received by defendant, the defendant did nothing. If the defendant required any additional proof or information, common honesty required it to request such further proof or information, which it purposely failed to do. Defendant has suffered no loss by the alleged failure of the plaintiff to strictly comply with the terms of the policy, and is seeking to avoid its honest obligation by a technical construction of a contract drawn by itself.

LEHMAN, J. (dissenting). The plaintiff sues upon a contract of suretyship made by the defendant. The contract provided that:

"Said surety shall be notified in writing of any act, omission, or default on the part of the said principal, or his, their, or its agents or employes, which may involve a claim or loss for which the said surety is or may be responsible hereunder, within 48 hours after the occurrence of such act, omission, or default shall have come to the knowledge of the owner, or his, its, or their agents, officers, or representatives. Said notification must be given by a United States post office registered letter mailed to the said surety at its principal office in Chicago, Illinois; and in any event, not later than 30 days after the occurrence of any such default, the owner shall file with the surety at its principal office in the city of Chicago, Illinois, written proofs of the principal facts showing such default and the date thereof."

The justice below has held that the plaintiff has failed to comply with this provision of the contract, in that he did not file with the surety *written proofs* of the principal facts showing such default and the date thereof. It appears that the default occurred on August 2d and that the plaintiff, within 48 hours, sent to the defendant an instrument in writing as follows:

"Illinois Surety Co., Chicago, Ill., and 5 Nassau Street, Borough of Manhattan, City of New York—Gentlemen: Please to take notice: That on June

13, 1912, you executed a bond for the Bethel Construction Company, as principal, and the undersigned, for nine hundred and fifty ($950) dollars, which was given to secure the undersigned, Nathan Fass, who furnished all labor and materials for the painting and paper hanging on the two new buildings in the course of the erection on the westerly side of Fulton avenue, distant one hundred (100) feet south of 171st street, in the borough of the Bronx, city of New York. That the undersigned has completed his contract, and furnished all the material, work, labor and services pursuant to and in accordance with his contract, and is entitled to receive the sum of nine hundred and fifty ($950) dollars. That the owner, viz. the Bethel Construction Company, has defaulted in the payment of the sum of nine hundred and fifty ($950) dollars, which was due to me upon the completion of said work mentioned in said contract, and which work was completed on August 2, 1912. Kindly mail check to me for the sum of nine hundred and fifty ($950) dollars; otherwise I shall be obliged to engage counsel to enforce the collection thereof.

"Nathan Fass,
"2257 Seventh Avenue, Borough of Manhattan, City of New York.
"By David Friedman, Attorney for Nathan Fass,
"Office & P. O. Address, 309 Broadway, Borough of Manhattan, New York City."

It is not disputed that this instrument constitutes a sufficient notice, but the plaintiff failed to file any further proofs, and he has not complied with the conditions of the contract, unless this letter is to be regarded, not only as notice, but also as proof of default. It is to be noted that this letter begins with the words "Please to take notice," and that every statement of fact contained therein is connected with these words by the word "that." In other words, the letter contains no direct statement of fact, except in so far as a statement of fact may be implied from a notice that certain events have occurred. It is not verified, and it is not signed personally by the plaintiff, but is signed by his attorney.

It seems to me impossible to hold that under any circumstances this instrument constitutes proofs within the meaning of the contract. The contract provides specifically for notice of default *and* proofs of the principal facts, and it is clear that the parties contemplated that the proofs must be something more than a mere notice. Even though it may well be that the filing of proofs of the principal facts would, of itself, constitute also notice of the default, the converse is not true, and a filing of notice of default would not of itself be a compliance with the condition that proofs of the principal facts must also be filed. It is difficult, if not impossible, for the court to lay down a general rule as to what writings would constitute "written proofs." In the case of O'Reilly v. Guardian Mutual Life Insurance Co., 60 N. Y. 169, 19 Am. Rep. 151, the court stated:

"What the character of the 'proof' should be when not prescribed by the terms of the policy must depend very much upon the fact to be proved, and the evidences by which it is ordinarily established or of which it is susceptible. But that proof, as that term is used, means something more than the unverified declaration of the party in interest whether formal or informal, may be laid down as a self-evident proposition."

In this case the instrument is unverified, and, if an unverified statement is never to be regarded as proof, then, of course, this instrument does not constitute "proof." I think, however that such a rule would be too strict for universal application, and that the court in that case

intended to state as a "self-evident proposition" only that an unverified declaration of the party is not proof "as that term is used" in the contract there under consideration. I think that the true rule to be applied in each case in accordance with the circumstances of the case is contained on page 173 of that opinion:

"It need not be that full, clear, and explicit proof which would be required upon the trial of an issue upon the question, but it must be such reasonable evidence as the party can command at the time, to give assurance that the event has happened, upon which the liability of the insurers depends. Walsh v. Marine Insurance Co., 32 N. Y. 427. The purpose of the condition is that the insurer may be able intelligently to form some estimate of his rights and liabilities before he is obliged to pay, and some proof must be exhibited."

It seems to me quite clear that, though we give the words "written proofs" the most liberal interpretation in order to avoid a forfeiture, yet a mere letter, signed by an attorney, who is not presumed to have any knowledge of the facts, and containing no statement of fact, except statements joined by the word "that" to the words "please take notice," can constitute no basis for any estimate by the surety of its rights and liabilities, and can constitute no "written proofs."

It is urged now that, even if the instrument does not constitute any written "proofs," yet since the defendant has retained the instrument, without demand for further proof, until after the time for filing proofs had expired, the defendant is estopped from now claiming that the letter is insufficient. I agree that the doctrine of estoppel is peculiarly applicable to this class of cases. Since no general rule can be laid down as to what writings are sufficient to constitute written proofs "as that term is used," the courts should hold the surety company estopped from raising a claim that sufficient proof has not been furnished, if by act or omission it has led the insured to refrain from furnishing such further proof as would be a compliance with the contract. In this case the claim of estoppel is based upon the failure to object to the letter as sufficient proof, or to demand further proof. Obviously such a claim cannot be sustained, unless the insurance company had notice that this letter was intended as proofs. If the letter was sufficient as a notice, and did not purport to be more than a mere notice, then, as the Court of Appeals stated in the case of O'Reilly v. Guardian Mutual Life Insurance Company, supra:

"It would have been impertinent to have notified the plaintiff that a paper, not purporting to be proof, was not sufficient proof."

The letter is insufficient as written proofs, it was sufficient as a notice, and there is nothing in the letter to show that it purported to be more than a mere notice, unless its conclusion, "Kindly mail check to me for the sum of nine hundred and fifty dollars; otherwise, I shall be obliged to engage counsel to enforce the collection thereof"— should be regarded as a notice of plaintiff's belief that the instrument was a compliance with the contract.

I do not think these words can be given any such effect. The contract required notice of default to be given within 48 hours, and the insured had 30 days to file written proofs. The request or demand for payment was not enforceable until the written proofs were filed, and

both the plaintiff and the defendant are presumed to have known this. Such a request or demand for payment before all the technical conditions are complied with is not, however, so unusual as to give rise to any fair inference that the plaintiff believed that he had complied with all the conditions, or that he did not intend to proceed to comply with the other conditions, precedent to a right to make such a demand. It seems to me clear that, in view of the form of the notice, the defendant was entirely justified in regarding the instrument only as one purporting to be a notice. Under such circumstances it was not bound to reply to a demand or request for payment which was clearly not justified at that time. The very form of the letter, and the fact that as a notice it was served within the time specified in the contract, justified the defendant in believing that the plaintiff would follow up the notice with the required proofs, which would enable it to form some estimate of its liability before payment. The failure to reply to this notice constitutes no acquiescence in any claim of plaintiff that it is a compliance with the contract, not only because the defendant was not in fairness called upon to reply to it, but also because it does not, on its face, show any such claim in which defendant *could* acquiesce.

It follows that judgment should be affirmed, with costs.