Nathan Fass, Respondent, v. Illinois Surety Company,
Appellant.

First Department, April 5, 1917.

Insurance — bond insuring performance of building contract — require-
ment as to written notice of default and proof thereof — writing
fulfilling requirements of bond — distinction between surety and
insurance companies — estoppel.

Action on a bond executed by the defendant as surety for the faithful
performance of a contract between a construction company and the
plaintiff who was to furnish labor and material for the construction of
a building. The bond provided that the surety company should be
notified in writing of any act, omission or default on the part of its
principal which may involve a claim or loss and that said company should
be notified by mail within forty-eight hours after the occurrence of a
default by its principal and that the assured should file with the surety
company "written proofs of the principal facts showing such default
and the date thereof," within thirty days after such default. Evidence
examined and *held*, that a letter written by the plaintiff to the surety
company and received by it sufficiently complied with the requirements
of the aforesaid conditions of the bond and, this being the only issue,
that a judgment for the plaintiff was properly directed.

Said letter was sufficient " proof " within the meaning of the bond although
it was unverified, was signed not by the plaintiff but by his attorney and
was not accompanied by a certificate showing the completion of the work
by the plaintiff, for the bond made no requirements in these respects.

The court will take judicial notice of the fact that surety companies
operating for profit, as distinguished from insurance companies, make
it a practice to investigate fully before paying claims in order to dis-
cover tenable defenses. Hence, the same degree of proof is not required
in the presentation of claims against surety companies as is required in
the case of life insurance companies.

Where the letter of the plaintiff requested the defendant to mail a check
for the amount due and stated that otherwise it would be necessary for
the plaintiff to engage counsel to enforce collection of the claim, it is
evident that the writing was intended to embody both notice of default
and proof thereof, and where it was retained by the defendant with-
out calling upon the plaintiff for any further proof, the defendant is
estopped from claiming a forfeiture on the ground that the writing was
insufficient.

Scott and Smith, JJ., dissented.

Appeal by the defendant, Illinois Surety Company, from a
determination and order of the Appellate Term of the Supreme

Court, entered in the office of the clerk of the county of New York on the 9th day of May, 1916, as resettled by an order entered in said clerk's office on the 2d day of June, 1916, reversing a judgment of the City Court of the City of New York dismissing the complaint and directing judgment for plaintiff, and also from the judgment entered in the office of the clerk of said City Court on the 10th day of July, 1916, pursuant to said order and determination.

*L. Laflin Kellogg,* for the appellant.

*Levin L. Brown,* for the respondent.

SHEARN, J.:

This action was brought to recover the sum of $950, with interest, on a bond executed by the defendant as surety for the faithful performance of a contract entered into between the Bethel Construction Company and the plaintiff for the furnishing by the plaintiff of the labor and material necessary for the paperhanging and painting of two new buildings then in the course of construction on the westerly side of Fulton avenue, 100 feet south of One Hundred and Seventy-first street, in the borough of The Bronx, New York city.

The answer admits the entering into of the contract and the giving of the bond but puts in issue the allegations of the complaint as to the default and the giving of notice and furnishing proof thereof as required by the conditions of the bond. On the trial proof was adduced on behalf of the plaintiff tending to show the performance and completion of the work and the demand for the payment of the contract price on August 2, 1912, and the failure of the construction company to pay the amount due.

On August 3, 1912, the day following the completion of the work and the demand for payment, a letter was sent to the defendant reading as follows:

"ILLINOIS SURETY CO.,

    "Chicago, Ill., and 5 Nassau Street,

        "Borough of Manhattan, City of New York:

"GENTLEMEN.— Please to take notice that on June 13th, 1912, you executed a bond for the Bethel Construction Co., as

principal, and the undersigned, for Nine Hundred and Fifty ($950) Dollars, which was given to secure the undersigned, Nathan Fass, who furnished all labor and material for the painting and paper hanging on the two new buildings in the course of erection on the westerly side of Fulton Avenue, distant one hundred (100) feet south of 171st Street, in the Borough of Bronx, City of New York.

" That the undersigned has completed his contract, and furnished all the material, work, labor and services pursuant to and accordance with his contract, and is entitled to receive the sum of Nine hundred and Fifty ($950) Dollars.

" That the owner, viz.: The Bethel Construction Co., has defaulted in the payment of the sum of Nine hundred and Fifty ($950) Dollars, which was due to me upon the completion of said work mentioned in said contract, and which work was completed on August 2nd, 1912.

" Kindly mail check to me for the sum of Nine hundred and Fifty ($950) Dollars, otherwise I shall be obliged to engage counsel to enforce the collection thereof.

" Dated, *August 3rd,* 1912.

> " NATHAN FASS,
> " 2257 Seventh Avenue,
> " Borough of Manhattan,
> " City of New York.

" By DAVID FRIEDMANN,
" Attorney for Nathan Fass,
" Office & P. O. Address,
" 309 Broadway,
" Borough of Manhattan,
" New York City."

This letter was not signed by the plaintiff, but by his brother, under a power of attorney.

The receipt by the defendant of the letter of August 3, 1912, in due course at its principal office at Chicago, Illinois, was not disputed. At the close of plaintiff's case the complaint was dismissed upon the ground that the terms and conditions of the bond in respect to the filing of written proofs of the default claimed had not been complied with. The determination of the Appellate Term, under review, reversed the judgment and

directed judgment in plaintiff's favor for the full amount claimed. (95 Misc. Rep. 267.)

The question involved is whether the letter of August 3, 1912, above quoted, filed with the defendant, was a compliance with the condition of the bond requiring "written proofs of the principal facts showing such default and the date thereof," pursuant to the following provision in the bond:

"1. That said Surety shall be notified in writing of any act, omission or default on the part of the said principal, or his, their or its agents, or employees which may involve a claim or loss for which the said Surety is or may be responsible hereunder, within forty-eight hours, after the occurrence of such act, omission or default shall have come to the knowledge of the owner or his, its or their agents, officers or representatives; said notification must be given by a United States Post Office registered letter mailed to the said Surety at its principal office in Chicago, Illinois; and in any event, not later than thirty days after the occurrence of any such default, the owner shall file with the Surety at its principal office in the City of Chicago, Illinois, written proofs of the principal facts showing such default and the date thereof."

Plaintiff contends that the letter of August 3, 1912, constitutes, and purports on its face to constitute, both notice and proof, within the fair meaning and intendment of the bond, whereas defendant contends that it is, and purports to be, merely a notice.

The first question is what is meant by the word "proofs" as employed in such a bond. It is not contended by the defendant, and it would be unreasonable to hold, that the word "proofs" in this bond means competent legal evidence, admissible in court to establish a fact. "Evidence is the medium of proof; proof is the effect of evidence." (*People v. Beckwith*, 108 N. Y. 67.) "In a legal sense *proof* signifies the *effect* of evidence as contradistinguished from *evidence* which implies the medium or means of proof." (*Perry v. Dubuque Southwestern Ry. Co.*, 36 Iowa, 102.) Upon the argument the learned counsel for the defendant stated in substance that the purpose of this provision in the bond is that the surety shall be given an opportunity to investigate and satisfy

itself before being called upon to pay.   Such appears to be its purpose.   Reference to the letter of August 3, 1912, shows that it served all such purposes.   It gave the surety full and precise information concerning the contract secured, the parties to it, the essential provisions, the amount due, why it was due, and the nature and date of the default.   The suggestions that the letter was unverified, that it was not signed by the plaintiff personally, and that it was not accompanied by a certificate of a superintendent or other person in charge of the work showing the completion of the work are not serious objections to treating the letter as proof, because none of these things is required in the bond, and chiefly because the purpose of the condition in the bond is served by the particulars stated in the letter.

Reliance is placed by the defendant upon the case of *O'Reilly* v. *Guardian Mutual Life Ins. Co.* (60 N. Y. 169) in which it was said:  " ' Proof,' as in addition to notice, must mean evidence in some form, such form as is usual and customary in such cases, or as is recognized by law, and is calculated to convince or persuade the mind of the truth of the fact alleged. The bare statement of one of known character for truth, might convince one who knew him of the reality of the facts stated by him, but it would not be proof, in any proper sense."

That action was on a life insurance policy which provided as a condition precedent to a right of action thereon that due notice and proof of death should be given.   An unverified notice of the death was sent.   It was held that a mere unverified notice was not a sufficient compliance with the conditions of the policy.

The difference between the objects and methods of life insurance companies and surety companies must be borne in mind. The former are generally mutual in character and pay promptly out of funds in which all of the policyholders are mutually interested, without conducting an elaborate investigation into all the facts and circumstances to see whether there is not some possible defense to the contract of insurance.   Promptness of payment being essential, it is reasonable to require verified proofs of death for the protection of all policyholders where it is customary to pay out the policyholders' money without careful independent investigation.   Surety companies on

the other hand are engaged in business for profit, and judicial notice may be taken of their common practice to investigate very fully before making any payment in order to discover some tenable defense to the enforcement of claims against them. There is no occasion, therefore, to require the same degree of proof in the presentation of claims against surety companies as is required in the case of life insurance companies. In the case of surety companies the determining factor should be whether the document relied upon as proof serves the purpose of the condition in the bond by conveying sufficient information and affording sufficient opportunity to enable the surety company to investigate the claim and satisfy itself before being called upon to pay.

It is urged by the defendant that the form of the letter relied upon as proof in this case was such as to lead the defendant to expect further proofs and to defer an investigation until such further proofs were furnished. It is conceded that the notice and proof need not be in separate papers. It must be admitted also that if the letter had been entitled or indorsed in substance "Notice and proof," the defendant, by retaining the paper purporting to constitute proof under the bond, would be estopped from claiming that it was entitled to further proof without calling upon plaintiff for same. The query then presents itself, where the letter does not purport on its face to have been intended by the plaintiff to constitute both notice and proof. This must be answered in the affirmative when one considers the completeness with which the details concerning the claim were stated, and particularly in view of the concluding paragraph in the letter, which asks the defendant to "mail check" for the amount due and notifies the defendant that otherwise it would be necessary for the claimant "to engage counsel to enforce the collection thereof." If this document was not intended and understood by the plaintiff to constitute proof as well as notice, it would have been quite absurd for the claimant to have demanded immediate payment, in view of the condition in the bond postponing liability to pay until after the furnishing of proofs. The defendant was plainly apprised by the form of the letter that it was intended both as notice and proof, and its retention of the document, without calling

plaintiff's attention to any claim that further proofs were required, estops it from enforcing a forfeiture of its obligation upon the mere ground of insufficiency in the form of the proofs submitted.

The determination of the Appellate Term is affirmed, with costs.

CLARKE, P. J., and DAVIS, J., concurred; SCOTT and SMITH, JJ., dissented on opinion of LEHMAN, J., at Appellate Term.

Determination affirmed, with costs.