CLAIR COBB, Plaintiff, *v.* MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Defendant.

Supreme Court, Trial Term, Allegany County, April 8, 1948.

*John W. Hollis* and *Albert E. Hollis* for plaintiff.

*Louis W. Dawson, Asbury H. Harpending, Charles Swartwood* and *Edward Voegeli* for defendant.

VANDERMEULEN, J. In this action, the jury rendered a verdict of $30,527.48 in favor of the plaintiff. The defendant moved for a dismissal of the complaint on several grounds, among them being " that the plaintiff has failed to comply with the terms of the policy in the submission of due proofs under the evidence as it now stands at the completion of the case." The court reserved decision on the motion.

The policy provides, among other things as follows:

" *Section 3. Benefits in Event of Total and Permanent Disability before Age 60.*

" *Total Disability.* Disability shall be considered total when there is any impairment of mind or body which continuously renders it impossible for the insured to follow a gainful occupation.

" *Permanent Disability.* Total disability shall, during its continuance, be presumed to be permanent:

" (a) If such disability is the result of conditions which render it reasonably certain that such disability will continue during the remaining lifetime of the Insured; or,

" (b) If such disability has existed continuously for ninety days.

" *When Benefits become Effective.* If, before attaining the age of sixty years and while no premium on this Policy is in default, the Insured shall furnish to the Company due proof that he is totally and permanently disabled, as defined above, the Company will grant the following benefits during the remaining lifetime of the Insured so long as such disability continues:

" *Benefits.* (a) Increasing Income.—The Company will pay a monthly income to the Insured of the amount stated on the first page hereof ($10 per $1,000 face amount of Policy), beginning upon receipt of due proof of such disability and increasing after sixty consecutive monthly payments have been made to one and one-half times such amount and after sixty further consecutive monthly payments have been made to twice such amount at which it shall remain while total and permanent disability continues.

" (b) Waiver of Premium.—The Company will also, after receipt of such due proof, waive payment of each premium as it thereafter becomes due during such disability. * * *

" *General Provisions:—* * * *

" If the Insured shall at any time so recover that the payment of Disability Benefits terminates and later shall furnish due proof that he has again become totally and permanently

disabled, Disability Benefits shall be the same in amount and subject to the same conditions as if no prior disability had existed.

"*Supplementary Benefits to Section Entitled Benefits in Event of Total and Permanent Disability before Age 60.*

"*Benefits if Proof Delayed and no Premium in Default.*—If, while no premium is in default the proof furnished the Company under the section providing for 'Benefits in Event of Total and Permanent Disability before Age 60' is such as to entitle the insured to the Disability Benefits provided for therein, and if due proof is also furnished the Company that such disability has been continuous since its beginning, the Company will:

"(a) Begin the Monthly income payments provided for in such section as of the end of the first completed month of such disability if earlier than the date of receipt of such proof instead of as of the date of receipt of such proof, and

"(b) Return any premium due after the beginning of such disability which has been paid during the continuance thereof."

The letters written to the company under date of December 18, 1944, to August 22, 1946, in which he in substance stated that he paid the premium under protest and that he was totally and permanently disabled under the terms of the policy do not constitute due proof under the terms of the contracts of insurance with the defendant.

The case of *O'Reilly* v. *Guardian Mutual Life Ins. Co.* (60 N. Y. 169, a leading case on this point), involved a situation somewhat similar to that now at bar and there the court, in denying that a letter constituted due proof, stated at pages 172–173: "What the character of the 'proof' should be when not prescribed by the terms of the policy must depend very much upon the fact to be proved, and the evidences by which it is ordinarily established, or of which it is susceptible. But that proof, as that term is used, means something more than the unverified declaration of the party in interest, whether formal or informal, may be laid down as a self-evident proposition. * * * It need not be that full, clear and explicit proof which would be required upon the trial of an issue upon the question, but it must be such reasonable evidence as the party can command at the time, to give assurance that the event has happened, upon which the liability of the insurers depends. (*Walsh* v. *Marine Ins. Co.*, 32 N. Y., 427.) The purpose of the condition is that the insurer may be able intelligently to form some estimate of his rights and liabilities before he is obliged to pay, and some proof must be exhibited."

In *Wachtel* v. *Equitable Life Assur. Soc.* (266 N. Y. 345) the Court of Appeals in defining what constitutes due proof stated at pages 351–352: " We have said in other cases that the requirement of due proof is to be liberally construed in favor of the insured. (*Glazer* v. *Home Ins. Co.*, 190 N. Y. 6.) It may be satisfied where ' such reasonable evidence [is furnished] as the party can command at the time, to give assurance that the event has happened, upon which the liability of the insurers depends. \* \* \* The purpose of the condition is that the insurer may be able intelligently to form some estimate of his rights and liabilities before he is obliged to pay.' (*O'Reilly* v. *Guardian Mut. Life Ins. Co.*, 60 N. Y. 169, 173.) "

In *Belbas* v. *New York Life Ins. Co.* (300 Mass. 471) the court stated at pages 473–474: " Mere notice, intended or adapted to put the insurer itself on inquiry (*Rollins* v. *Boston Casualty Co.*, 299 Mass. 42), does not amount to ' due proof.' *O'Reilly* v. *Guardian Mutual Life Ins. Co.*, 60 N. Y. 169. *Equitable Life Assurance Society* v. *Dorriety*, 229 Ala. 352. Compare *Fass* v. *Illinois Surety Co.*, 177 App. Div. (N. Y.) 596. ' Proof ' means ' evidence in some form, such form as is usual \* \* \* and is calculated to convince or persuade the mind of the truth of the fact alleged.' *Fitchburg Savings Bank* v. *Massachusetts Bonding & Ins. Co.*, 274 Mass. 135, 152."

The plaintiff claims that the defendant waived the requirement of the filing of due proofs by a refusal to make payments. The defendant, however, was justified in not making payments until it had due proofs of loss. The claim of failure to file due proofs of loss was also asserted in the action decided in Pennsylvania. Proofs of claim were filed by the plaintiff within the required period after his accident on March 29, 1934, and the disability claimed was admitted by the defendant by the payment of the installments under the policy for a period slightly in excess of five years. It then discontinued payments, because it claimed the disability ceased. Thereupon the plaintiff brought suit in the Pennsylvania Court of Common Pleas to recover certain payments alleged to have become due subsequent to the date of discontinuance and for the return of the premiums for the same period paid under protest. The decision of the Pennsylvania court establishes that the plaintiff was not disabled during the period sued for, and this court has determined that the judgment based thereon is *res judicata*. It follows that the present suit must be based upon new facts showing a disability arising subsequent to the period involved in the Pennsylvania action, and under the terms of the policy the plaintiff was required to submit new proofs of loss.

It is significant to note that the action brought in Pennsylvania was based on a claim of an injured arm, arthritis and ulcers. In the present action the plaintiff claimed in addition to the foregoing injuries that he was suffering from diabetes.

It has been held in numerous decisions in the courts of this and other States that the filing of proofs of total and permanent disability is a condition precedent to recovery.

The plaintiff claims that a denial of liability on specific grounds may constitute a waiver of performance of other conditions precedent. With this I agree, but as I have previously indicated, there was not sufficient compliance with the terms of the policy as to filing of due proof of loss. There having been insufficient compliance, no denial of liability on any specific grounds occurred.

The verdict of the jury is hereby set aside and the motion to dismiss the complaint is granted.