In the Matter of the Nomination of AARON M. ORANGE et al., Appellants, as Candidates of Social Labor Party. LOUIS SCHAPIRO, Respondent.

(Argued October 23, 1936; decided October 23, 1936.)

*Andrew Byrnes* for appellants.

*Samuel W. Phillips* for respondent.

HUBBS, J.  A petition was filed and a motion made at a Trial Term of the Supreme Court, Albany county, held by Mr. Justice FOSTER, for an order declaring the nominating petition of the Social Labor party invalid and restraining the Secretary of State from certifying the nominations of that party.  The motion was granted and an order made declaring the nominating petitions void and restraining the Secretary of State.  The Appellate Division has unanimously affirmed that order.  Apparently the hearing at the Trial Term was rather informal.  No sustaining affidavits were used and no oral evidence was taken.  After the oral hearing the justice examined the original petitions of the Social Labor party and the original petitions of the American Labor party and thereafter decided that twenty-three of the signatures on the petition of the Social Labor party were duplicated on the petition of the American Labor party, and, therefore, that the petition of the Social Labor party did not contain the minimum number required by law — fifty signatures.  The petition of the Social Labor party from Putnam county was signed with the names of sixty-four voters in that county.  That petition was executed in June, 1936, about two months before the petition of the American Labor party was signed by voters of that county.  The question for decision is whether the trial justice was justified, without having supporting affidavits or other testimony, in determining the fact that some of the signatures on one petition were written by the same person who wrote the signatures on the other petition.  No written answer was filed.  On a review by the Appellate Division, it had before it the same papers, also the original petitions, which were examined by the trial justice in arriving at his decision.  It does not appear that any objection was made, either at the Trial Term or at the Appellate Division, to the practice adopted of examining the original petitions and the signatures thereon for the purpose of assisting the courts in determining whether there were duplicate sig-

natures. It is conceded by appellants that the trial justice had the legal right to examine the petition of the Social Labor party to ascertain whether there were any defects on the face of the petition, and also had the right to examine the petition of the American Labor party for the purpose of ascertaining whether similar names appeared on both petitions. It is urged, however, that the court did not have the right, in the absence of testimony, to pass on the question as to whether the signatures in question on the different petitions were written by the same persons. It is urged by the appellants that the question of handwriting is the only question involved and that the justice at the hearing could not determine that fact from an examination of the original petitions alone. It is urged that only eleven of the signatures in question are spelled exactly alike and that if those eleven signatures are stricken from the petition there would still remain over the fifty required by law. If those eleven are stricken from the petition it would leave fifty-three names on the petition. The appellants have copied a number of the disputed signatures. Signature No. 1 is that of Daniel J. Rooney. His name appeared on the American Labor party petition. On the Social Labor party petition appears the name D. J. Rooney. No. 3 is the name Joseph Diroto as it appeared on the American Labor party petition. On the Social Labor party petition appears the name J. Diroto. As No. 5 appears the name Fred Julian — Social Labor party. On the American Labor party petition appears the name Freddie Julian. As No. 7 appears the name Wm. Budney — Social Labor party. On the American Labor party appears the name Wm. J. Budney. If those four names are of the same person appearing on each of the two petitions, and are stricken out, then the petition would not contain the fifty names required by the statute. Using those names as fair illustrations, the question is: From the way in which they were written and the simi-

larity in the names, did the justice who heard the motion and the Appellate Division have authority, under the Election Law, to determine as a fact that the names appearing on the two petitions were the names of the same party? By section 137, subdivision 4, of the Election Law (Cons. Laws, ch. 17) it is provided that duplicate signatures cannot be counted on either petition. The trial justice and Appellate Division have found as a fact that the four signatures referred to above were duplicates; also that there were other duplicate signatures — twenty-three in all. The Election Law does not refer to similarity of handwriting. The language is: " If the name of a person who has signed such a petition appear upon another petition nominating the same or a different person for the same office, it shall not be counted on either petition." Where the same name and address appears on two different petitions there is a presumption that the signatures represent the same person. Attention is called to a Special Term case (*Matter of Commissioners of Election*, 64 Misc. Rep. 620) which lays down that rule, and 22 Corpus Juris, p. 92, is cited. As a general rule, identity of name is *prima facie* evidence of identity of person. In addition, we have here the same addresses given, which strengthens the presumption. The appellants failed to offer any proof to overcome that presumption. But in addition to the presumption, the court had before it the original petitions and without objection examined the same and determined as a fact that the different signatures referred to, appearing upon the two different petitions, were in the same handwriting. The appellants having consented, or at least not having objected, to the court examining the original petitions for the purpose of assisting it in reaching the proper decision, are now in no position to urge the objection.

To illustrate, take the name Wm. Budney and Wm. J. Budney, the place of address opposite both signatures

being the same. Could the court say that the signatures represented the same name? It is true that they are not written exactly the same. One uses as the representation of the given name the letters " Wm." The other uses the same letters and, in addition, the letter " J.," one being " Wm. Budney " and the other being " Wm. J. Budney." The court is required to treat these matters in a summary way and is cautioned to make such an order as justice requires. (Election Law, § 330.) The requirements of justice, however, do not permit a court to find that a petition is legal when it lacks the legal number of signatures. In *Matter of Commissioners of Election* (64 Misc. Rep. 620) Judge ANDREWS laid down the rule that where from the petitions the same name and address appears more than once the presumption is that the several signatures represent but one person and but one should be counted. He also said that a court would not be justified in finding from a mere inspection of the petition that because of similarity of handwriting the names were signed by the same person; that every presumption would be against the commission of such a crime. We think, however, that under the facts of this case a clear question of fact was presented and that the trial justice and the Appellate Division, having passed upon that question of fact, this court should affirm such determination.

The order should be affirmed, without costs.

CRANE, Ch. J., O'BRIEN, CROUCH, LOUGHRAN and FINCH, JJ., concur; LEHMAN, J., taking no part.

Order affirmed.