THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant, *v.* SAMUEL SCHUSTERMAN and SADIE SCHUSTERMAN, Respondents.

First Department, June 24, 1938.

*James D. Ewing* of counsel [*Alexander & Green*, attorneys], for the appellant.

*Lawrence S. Timen*, for the respondents.

COHN, J. This appeal relates solely to plaintiff's cause of action to rescind the reinstatement of a life insurance policy issued by plaintiff insurance company to the extent of having the disability and double indemnity provisions thereof declared null and void.

The policy was originally issued on January 19, 1928, on the life of defendant, Samuel Schusterman. The other defendant, Sadie Schusterman, was the beneficiary named therein. The policy lapsed for non-payment of premium, which became due on March 18, 1933; it contained a one-year incontestable clause. Concededly, the reinstatement of the life insurance coverage was not open to dispute. However, the incontestability clause did not apply to its disability and double indemnity provisions.

It is claimed that in order to induce plaintiff to reinstate the policy on June 5, 1933, the insured, Samuel Schusterman, falsely represented that he was in good health, had no illness, had not consulted any physician, and that there had been no change in the health of his family since the policy had originally been issued on January 19, 1928.

On the trial the plaintiff proved that within the four years preceding the date of the application for the reinstatement of the policy the insured had consulted Dr. Marcus on thirty-six occasions. At the first consultation, on July 2, 1929, this doctor has certified, he had the impression that the insured had toxic angina; that four of the other consultations thereafter, three of which were within eight months of the date of the application for reinstatement, related to the insured's heart. On seven of the occasions, within a period of a year, the insured was found to be suffering from glycosuria, that is, sugar in the urine. Moreover, within two months of the application for reinstatement the insured had met with an accident resulting in concussion of the brain, for which he had consulted and had been treated by Dr. Marcus on seven occasions.

Defendants assert that the ailments described were trivial in their nature or were ailments of which the plaintiff had notice at the time of the issuance of the policy. As for the glycosuria, defendants call attention to the fact that in the medical examiner's statement attached to the policy in suit it was noted that the insured had previously been "rated" by the Metropolitan Life Insurance Company in 1919 for "sugar in urine." There was evidence adduced that glycosuria was known medically to persist throughout life. Defendants, therefore, argue that plaintiff must have known that this condition continued since the issuance of its policy.

Plaintiff's doctor testified that the mere mention in the application that defendant had been rated in 1919 by the Metropolitan Life Insurance Company for sugar in his urine was not something which would compel the plaintiff insurance company to decline the insurance on defendant's life. This physician said that glycosuria was merely a symptom of diabetes. He further pointed out that in 1928, when the insured applied for the policy, he represented that he was not receiving any medical treatment for the sugar in his urine. If he had represented that he was being medically treated for his condition, the plaintiff insurance company might have regarded the glycosuria as more than a mere symptom. Plaintiff thus suggests that there is a difference between glycosuria which does not require treatment and a form of the disease which necessitates medical care.

The insured testified that he had felt well during the period in question, had attended work daily and was never informed by Dr. Marcus prior to the reinstatement of the policy that he was afflicted with heart trouble. There was also proof in the case that the insured had fully recovered from the effects of the accident.

The law is well grounded that false representations in an application for a policy of insurance, if material, will void the policy, if it is contestable. (*Geer* v. *Union Mutual Life Ins. Co.*, 273 N. Y. 261; *Anderson* v. *Ætna Life Ins. Co.*, 265 id. 376; *Nowak* v. *Brotherhood of American Yeomen*, 252 id. 465; *Travelers Ins. Co.* v. *Pomerantz*, 246 id. 63.) Where, as in this case, the incontestable clause in the policy expressly excludes from its effect the disability and double indemnity provisions, false representations made upon the application for a policy of insurance or for its reinstatement, if material, will avoid these provisions. (*Manhattan Life Ins. Co.* v. *Schwartz*, 274 N. Y. 374; *Apter* v. *Equitable Life Assurance Society*, 271 id. 653; *Steinberg* v. *New York Life Ins. Co.*, 263 id. 45, 47.)

In the recent case of *Geer* v. *Union Mutual Life Ins. Co.* (*supra*), Judge LEHMAN, writing for the majority of the court, said (at p. 271): " Misrepresentation in an answer, by affirmation of an untruth or by suppression of the truth, is material where it ' *substantially* thwarts the purpose for which the information is demanded and *induces action which the insurance company might otherwise not have taken.*' The test is whether ' failure to state the truth where there was duty to speak prevented the insurance company from exercising its choice of whether to accept or reject the application upon a disclosure of all the facts which might *reasonably* affect its choice.' The question is ' not whether the company *might have issued* the policy even if the information had been furnished; the question in each case is whether the company has been induced to accept an application *which it might otherwise have refused.*' "

Applying these principles to the facts established upon the trial, we think that if the insured had disclosed the consultations with his physician and the purpose thereof, such information might reasonably have affected the choice of plaintiff in acting upon the application for reinstatement.

The reinstatement of the policy having been procured by material misrepresentations with respect to the disability and double indemnity provisions of the said policy, such reinstatement is null, void and of no effect. So much of the judgment herein, therefore, as dismisses the third and fourth causes of action of the complaint should be reversed and judgment granted plaintiff declaring the reinstatement of the disability and double indemnity provisions contained in the policy rescinded and null and void as of March

18, 1933, and reforming the policy by directing the elimination of the said provisions therefrom.

The judgment, so far as appealed from, should be accordingly reversed, with costs to the appellant, and judgment directed for the plaintiff in accordance with this opinion.

MARTIN, P. J., GLENNON, DORE and CALLAHAN, JJ., concur.

Judgment, so far as appealed from, unanimously reversed, with costs, and judgment directed for the plaintiff in accordance with opinion. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.