LUCY SOMMER, Respondent, v. THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Appellant.— In December, 1930, the defendant issued a policy insuring the life of the plaintiff's husband in the sum of $7,000. The insured died on November 28, 1935. Payment was refused, and this action resulted. The defendant, in its answer, alleges that in July, 1935, the policy lapsed for non-payment of premium and was reinstated in August, 1935, upon the application of the insured, in which application he stated that he had had no disease, injury or impairment of health and that he had not consulted or been treated by any physician, surgeon or practitioner within the past two years. The defendant alleged, further, that such statements were false and that the reinstatement was secured through misrepresentation, and asks for a rescission and cancellation. Upon the trial both plaintiff and defendant moved for a direction of a verdict. The court directed a verdict in favor of the plaintiff and judgment was entered accordingly. From such judgment the defendant appeals. Judgment reversed upon the law, with costs, complaint dismissed, with costs, counterclaim reinstated, and judgment granted in favor of the defendant as prayed for in its answer. It was established that between the issuance of the policy and the application for reinstatement the insured applied, on August 1, 1934, for, and received, treatment from one Doctor Norcross, a physician attached to the New York Orthopaedic Hospital. (*Hoffman* v. *Metropolitan Life Insurance Co.*, 135 App. Div. 739; *Hoffman* v. *Metropolitan Life Insurance Co.*, 141 id. 713; *Douler* v. *Prudential Insurance Co.*, 143 id. 537, and *Matter of Orange*, 272 N. Y. 61.) It was conclusively established, further, that the disease which caused the death of the insured was chronic, progressive and of long standing and one from which he must have been suffering at the time the application for reinstatement was made. The failure to reveal the application for and treatment received by the insured at the New York Orthopaedic Hospital was a misrepresentation which, coupled with the refusal of plaintiff to waive the privilege between physician and patient, became material and voids the contract. (*Geer* v. *Union Mutual Life Ins. Co.*, 273 N. Y. 261; *Axelroad* v. *Metropolitan Life Ins. Co.*, 267 id. 437; *Equitable Life Assurance Soc. of U. S.* v. *Schusterman*, 255 App. Div. 54; *Jenkins* v. *John Hancock Mut. Life Ins. Co.*, 257 N. Y. 289; *Travelers Ins. Co.* v. *Pomerantz*, 246 id. 63.) Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.

EMILY STRUNK, CORA ISABEL BRANDHORST, MAY LOUISE CONREY and MARGARET ELIZABETH THYS, Plaintiffs, v. JUSTINE KATHARINE CONKLIN, MARY ANN STANSFIELD, JOHN J. KAVANAGH and REBECCA KAVANAGH, His Wife, Defendants.— Upon an agreed statement of facts, judgment unanimously directed for defendants, and the judgment will provide that defendants have a .97794 per cent interest, and plaintiffs a .02206 per cent interest, in the real property of which Kate K. Hyde died seized. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.